

OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

JOHN CORNYN

November 10, 1999

The Honorable Judith Zaffirini
Chair, Human Services Committee
Texas State Senate
P.O. Box 12068
Austin, Texas 78711

Opinion No. JC-0143

Re: Whether a civil service commission governed by chapter 143 of the Local Government Code may require applicants for beginning fire fighter positions to be United States citizens   (RQ-0080-JC)

Dear Senator Zaffirini:

You ask whether a civil service commission governed by chapter 143 of the Local Government Code may require applicants for beginning fire fighter positions to be United States citizens. We conclude that state law does not preclude a civil service commission from imposing qualifications for beginning fire fighters in addition to those set forth in chapter 143 of the Local Government Code and Commission on Fire Protection rules.

You explain that three fire fighter applicants were recently rejected by the Laredo Civil Service Commission ("the Civil Service Commission") because they are not United States citizens. We understand that the Civil Service Commission rejected the applicants on the basis of a Laredo city ordinance and a Civil Service Commission rule, both of which provide that city fire fighters must be United States citizens. Telephone Conversation with Jerry Cain, Laredo City Attorney's Office (July 12, 1999). We assume that the Civil Service Commission is governed by chapter 143 of the Local Government Code and that provisions of chapter 143 governing appointment of beginning fire fighters have not been superseded by a collective bargaining agreement. See Tex. Att'y Gen. LO-95-019, at 3 ("a city that has adopted chapters 143 and 174 of the Local Government Code may agree with the collective bargaining agent representing its fire fighters to include provisions on entry-level employment in the collective bargaining agreement that will prevail over section 143.026 of the Local Government Code, if the agreement specifically provides that its provisions prevail over the statute").

You ask the following questions:

> Does the Laredo Civil Service Commission's citizenship requirement disqualify non-United States applicants in violation of state law?

> Does Section 143.023(d), Local Government Code, which conditions an applicant's post-employment certification on the pre-employment citizenship statute justify the initial citizenship requirement?

Letter from Honorable Judith Zaffirini, Chair, Human Services Committee, Texas State Senate, to Honorable John Cornyn, Attorney General of Texas (June 21, 1999) (on file with Opinion Committee).

We begin with a brief review of the statutory scheme for appointment of entry-level fire fighters. The appointment of fire fighters by a chapter 143 civil service commission is governed by subchapter B of that chapter. Section 143.022 authorizes a civil service commission to set age and physical requirements for applicants for beginning and promotional positions. *See* TEX. LOC. GOV'T CODE ANN. § 143.022(a) (Vernon 1999). A civil service commission must administer physical examinations and may require mental examinations. *See id.* § 143.022(b) (Vernon Supp. 1999). Beginning fire fighters must be hired from an eligibility list. *See id.* § 143.026 (Vernon 1999). The eligibility list is created "as a result of a competitive examination." *Id.* § 143.025(b). In addition, section 143.023(d) provides that an applicant "may not be certified as eligible for a beginning position with a fire department unless the applicant meets all legal requirements necessary to become eligible for future certification by the Commission on Fire Protection." *Id.* § 143.023(d).

Chapter 143 does not address the citizenship of fire fighters. Although the Commission on Fire Protection is authorized to establish citizenship requirements for fire fighters, *see* TEX. GOV'T CODE ANN. § 419.032(b) (Vernon 1998) (authorizing commission by rule to establish qualifications for fire protection personnel relating to a list of subjects including citizenship), it has not done so, *see* 37 TEX. ADMIN. CODE chs. 421, 423 (Commission on Fire Protection standards for certification) (1999). (The Commission on Law Enforcement Officer Standards and Education, by contrast, lacks authority to require a peace officer applicant to be a United States citizen. *See* Tex. Att'y Gen. Op. No. DM-105 (1992).) Thus, section 143.023(d) of the Local Government Code, which provides that an applicant "may not be certified as eligible for a beginning position with a fire department unless the applicant meets all legal requirements necessary to become eligible for future certification by the Commission on Fire Protection," TEX. LOC. GOV'T CODE ANN. § 143.023(d) (Vernon 1999), does not require that an applicant be a United States citizen.

However, neither chapter 143 nor the Commission on Fire Protection rules usurp the authority of local civil service commissions to establish fire fighter qualifications. A civil service commission is expressly authorized to establish fire fighter qualifications and standards that exceed the minimum standards set by the Commission on Fire Protection. *See* TEX. GOV'T CODE ANN. § 419.032(b) (Vernon 1998). And, as one court noted in reviewing a challenge to a civil service commission nepotism regulation, "chapter 143 of the Local Government Code does not specifically preempt the field in the area of what a qualified, competent, and suitable fire department applicant may be." *Collier v. Firemen's and Policemen's Civil Serv. Comm'n*, 817 S.W.2d 404, 406 (Tex. App.–Fort Worth 1991, writ denied). For this reason the court concluded that the nepotism

regulation did not "as a matter of law violate any rights of appellants to compete for entry level positions." *Id.*

In sum, the Civil Service Commission is authorized to promulgate qualifications for beginning fire fighters in addition to those set forth in chapter 143 of the Local Government Code and the Commission on Fire Protection certification requirements. Thus, in answer to your questions, the Civil Service Commission citizenship requirement is not required by section 143.023(d) of the Local Government Code but is authorized by state law and does not violate a state statute.

We understand that the Civil Service Commission rule imposing the citizenship requirement is based on a city ordinance. In deference to city officials, this office does not generally construe city charters or ordinances. *See, e.g.*, Tex. Att'y Gen. Op. No. JC-0035 (1999) at 3 ("Not having the charter before us, and in deference to municipal officials' authority to construe their municipality's ordinances and charters, we decline to comment on whether the ordinance is consistent with the city charter."); Tex. Att'y Gen. LO-94-008, at 2 n.1 (declining to issue opinion in deference to city attorney, who bears primary responsibility for construing city charter). We note, however, that the City of Laredo City Attorney might wish to review both the city ordinance and the Civil Service Commission rule in light of federal cases holding that citizenship requirements for public employment violate the Equal Protection Clause with respect to some but not all job classifications. Compare *Bernal v. Fainter*, 467 U.S. 216 (1984) (holding that Texas statute requiring notary to be a United States citizen violated the Equal Protection Clause), and *Sugarman v. Dougall*, 413 U.S. 634 (1973) (holding that New York civil service law providing that only United States citizens may hold permanent positions in competitive class of state civil service violated Equal Protection Clause), with *Cabell v. Chavez-Salido*, 454 U.S. 432 (1982) (upholding California statute providing that peace officers must be United States citizens), and *Ambach v. Norwick*, 441 U.S. 68 (1979) (upholding New York statute requiring public school teachers to be United States citizens).

### S U M M A R Y

A civil service commission is authorized to promulgate qualifications for beginning fire fighters in addition to those set forth in chapter 143 of the Local Government Code and the Commission on Fire Protection certification requirements.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

Mary R. Crouter
Assistant Attorney General - Opinion Committee